644 A.2d 288

**James R. McLAUGHLIN**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 6, 1994.

Decided June 17, 1994.

Barbara A. Darkes, Legal Intern, and Timothy P. Wile, Asst. Counsel In–Charge Appellate Section, for appellant.

Randall T. Hetrick, for appellee.

Before SMITH and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue before us on appeal is whether a motor vehicle license suspension is legally imposed if a person pleading guilty to a violation of the Controlled Substance, Drug, Device and Cosmetic Act (Drug Act)[1] is not informed that such a plea will result in license suspension. We hold that because of recent decisions in the Pennsylvania Supreme Court, such license suspensions are a collateral civil consequence of a criminal conviction and as such are legally imposed despite the lack of knowledge of this consequence at the time a person enters a guilty plea.

In this case, Appellee, James R. McLaughlin, entered a guilty plea to the charges of possession of LSD and unlawful delivery of cocaine. By separate notices dated and mailed June 17, 1993, Appellee was notified by the Department of Transportation, Bureau of Driver Licensing (DOT), that his operating privileges would be suspended for two consecutive 90-day periods pursuant to Section 13(m) of the Drug Act.[2] Appellee filed a statutory appeal in the Court of Common Pleas of Mercer County. At the hearing, DOT moved to dismiss one of the appeals because they were filed under the same docket number. In response, Appellee moved to amend his appeal to take the form of two separate appeals. The trial court granted the motion to amend and ordered the statutory appeal sustained, thus dismissing Appellee's license suspensions on the basis of this court's holding in *Department of Transportation, Bureau of Driver Licensing v. Ahlborn*, 156 Pa.Commonwealth Ct. 196, 626 A.2d 1265 (1993). It is from this order that DOT appeals.

1. Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780–101–781–144.

2. *Formerly* 35 P.S. § 780–113(m), repealed by Act of June 28, 1993, P.L. 137, No. 33, § 7. The substance of this section is now found at 75 Pa.C.S. § 1532(c), however, the period for suspension for a first offense has been increased to six months effective August 27, 1993.

The statute effective at the time of Appellee's suspension is former Section 13(m) of the Drug Act. It states:

(m) Notwithstanding any other provision of this act, any person, not a registrant, who possesses, sells, delivers, offers for sale, holds for sale or gives away any controlled substance, in addition to any other penalty provided in this or any act, upon conviction for a violation of this act, shall have his or her operating privilege suspended. The clerk of any court of this Commonwealth, within ten days after final judgment of conviction for violations of this act requiring suspension under this section, shall send to the Department of Transportation a record of the conviction on a form provided by the Department of Transportation. When the Department of Transportation suspends the operating privilege of a person under this subsection, the duration of the suspension shall be as follows:

(1) For a first offense, a period of six months from the date of suspension.

(2) For a second offense, a period of one year from the date of suspension.

(3) For a third offense, and any offense thereafter, a period of two years from the date of suspension. Any multiple suspensions imposed shall be served consecutively.

35 P.S. § 780–113(m).

In construing this section of the Drug Act, this court held in *Ahlborn* that a "license suspension pursuant to section 13(m) is the direct criminal penalty for conviction of a Drug Act offense." *Ahlborn* at 205, 626 A.2d at 1269. We further concluded that *Ahlborn* was virtually identical to our earlier case *Duffey v. Department of Transportation, Bureau of Driver Licensing,* 147 Pa.Commonwealth Ct. 280, 607 A.2d 815 (1992) (en banc), *appeal granted,* 533 Pa. 663, 625 A.2d 1195 (1993), where we held that a license suspension imposed on Mr. Duffey for entering a plea of guilty to a charge of underage drinking, without notifying him at the time of the plea that he was subject to such a penalty, constituted an illegal criminal sentence and had to be set aside. Thus, we

concluded that the license suspension imposed on Mr. Ahlborn pursuant to a conviction for a drug offense was similarly illegal.

Recently, our Supreme Court decided two cases, *Plowman v. Department of Transportation, Bureau of Licensing,* 535 Pa. 314, 635 A.2d 124 (1993) and *Commonwealth v. Duffey,* 536 Pa. 436, 639 A.2d 1174 (1994). In *Plowman* the central challenge was to the constitutionality of Section 13(m) of the Act. The trial court found the statute unconstitutional and the Supreme Court took allocatur. The appellee, Ms. Plowman, had successfully argued to the trial court that the suspension of her driver's license constituted an infringement on due process rights and cruel and unusual punishment in violation of the United States and Pennsylvania Constitutions. However, on appeal the Supreme Court held that the suspension was not a criminal punishment at all, but merely a civil consequence of a criminal violation. Furthermore, it held that the court has no discretion in regards to its application of the suspension statute, as DOT is required to suspend a driver's operating privileges upon proper notification of a conviction.

In *Duffey,* the Supreme Court reversed the decision of our court and held that a license suspension required under 18 Pa.C.S. § 6310 as a result of a conviction for underage drinking was only a collateral civil consequence of a criminal conviction, and not a criminal penalty itself. The Supreme Court held that the courts have consistently recognized that an operating privilege suspension has always been considered a collateral civil consequence of a criminal conviction. *See Commonwealth v. Englert,* 311 Pa.Superior Ct. 78, 457 A.2d 121 (1983) (suspension for failing to stop at scene of crime); *Brophy v. Department of Transportation,* 94 Pa.Commonwealth Ct. 310, 503 A.2d 1010 (1986) (acceptance of ARD habitual offender status for persistent violation of traffic regulations leading to suspension). Moreover, nowhere in the sentencing statutes, 42 Pa.C.S. §§ 9701–9781, is a driver's license suspension a penalty which a criminal court may impose for a criminal conviction. In the generally accepted test for whether a consequence is civil in nature, where it must be determined whether an administrative agency is vested

with the duty to notify and impose the suspension and whether the criminal judge has control or responsibility over this agency, the *Duffey* court held that it was clear that the criminal judge's responsibility for the suspension in the case of a conviction for underage drinking was only ministerial. The judge must notify DOT of the conviction requiring license suspension as a collateral consequence, but has no "control" or "responsibility" over the actions of the Department. Therefore, for all these reasons it was held that suspension of operating privileges is civil in nature, and not criminal penalty. *Duffey.*

Given the Supreme Court's holdings in *Plowman* and *Duffey* we must conclude that the suspension of Appellee's operating privileges as a result of his drug offense is a collateral civil consequence of a criminal offense. Because Appellee's suspension conviction is a collateral civil consequence of his violation of the Drug Act, there is no requirement that Appellee know of this consequence at the time of his guilty plea and precedent is clear that there is no duty on the part of the court to inform him. *Duffey; Ahlborn; Commonwealth v. Wellington,* 305 Pa.Superior Ct. 24, 451 A.2d 223 (1982), *rev'd on other grounds by Commonwealth v. Frometa,* 520 Pa. 552, 555 A.2d 92 (1989).

Properly relying on *Ahlborn,* the trial court here held that the license suspension was invalid because it was imposed on Appellee without notice when he pleaded guilty. However, subsequent to the trial court's decision, the Supreme Court held in *Plowman* that the license suspension mandated by Section 13(m) of the Drug Act is a collateral civil consequence of criminal offense, and has reversed *Duffey,* upon which *Ahlborn* relies, holding that there is no duty on the part of the court to notify a criminal defendant of such civil consequences. Therefore, we must conclude that the license suspension imposed on Appellee as a collateral consequence of his violation of the Drug Act was both valid and legal.

Accordingly, we reverse the order of the trial court and reinstate the two consecutive 90 day suspensions of operating privileges issued by DOT.

## *ORDER*

AND NOW, this 17th day of June, 1994, the order of the Court of Common Pleas of Mercer County in the above-captioned matter is reversed and the two consecutive 90–day suspensions of operating privileges issued by the Department of Transportation are reinstated.