635 A.2d 124

**Janice L. PLOWMAN, Appellee,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Supreme Court of Pennsylvania.

Argued April 7, 1993.

Decided Dec. 14, 1993.

Timothy P. Wile and John L. Heaton, Harrisburg, for PennDot.

Michael A. George, Gettysburg, for J.L. Plowman.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## OPINION

ZAPPALA, Justice.

This matter is before us as a direct appeal from the Order of the Court of Common Pleas of Franklin County holding that Section 13(m) of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780–113(m), is unconstitutional.[1] Common Pleas Court based its conclusion on its determination that Section 13(m) was promulgated to promote a legitimate state objective but failed to accomplish that objective. Although the Legislature attempted to deter and punish individuals who possess, sell, or deliver drugs, the appropriate criminal punishment would serve as a deterrent to any future drug activity rather than a license revocation. As such, suspension of a driver's license becomes an additional punishment and an irrational method of disciplining individuals possessing marijuana in their homes. Because we disagree with the trial court's analysis, we reverse.

The relevant underlying facts of this appeal are not complex and have been stipulated to by the parties:

1. On June 7, 1991, Janice L. Plowman entered a plea of guilty to a violation of Section 13A31 of the Pennsylvania Controlled Substance, Drug, Device and Cosmetic Act.

2. By letter dated July 22, 1991, the Commonwealth of Pennsylvania, Department of Transportation notified Janice L. Plowman of her Pennsylvania operator's license being suspended for a ninety (90) day period as mandated

---

1. Jurisdiction for this appeal is granted under 42 Pa.C.S. § 722(7).

by Section 13M of the Pennsylvania Controlled Substance, Drug, Device and Cosmetic Act. A copy of said letter is attached hereto and made a part hereof as Exhibit "A".

\* \* \* \* \* \*

4. Janice L. Plowman's conviction on June 7, 1991 was unrelated to any use by her of a motor vehicle in that the conviction resulted from the possession of a small amount of marijuana at her residence. She was not in the operation or control of a motor vehicle at the time of her arrest nor is there any evidence to indicate that there was any controlled substance in or near any vehicle which she owned.

\* \* \* \* \* \*

(R. 36a–37a.) Appellee appealed her license suspension to Common Pleas Court. On the date of the hearing, counsel agreed to the matter being considered on stipulation of facts and submission of briefs. Although Appellee did file a brief, the Pennsylvania Department of Transportation (PennDOT) chose not to. In any event, Common Pleas Court sustained Appellee's appeal and reinstated her driver's license. This direct appeal then followed.

Section 13(m) of the Act provides as follows:

Notwithstanding any other provision in this act, any person, not a registrant, who possesses, sells, delivers, offers for sale, holds for sale or gives away any controlled substance, in addition to any other penalty provided in this or any act, upon conviction for a violation of this act, shall have his or her operating privileges suspended. The clerk of any court of this Commonwealth, within ten days after final judgment of conviction for violations of this act requiring suspension under this section, shall send to the Department of Transportation a record of the conviction on a form provided by the Department of Transportation. When the Department of Transportation suspends the operating privilege of a person under this subsection, the duration of the suspension shall be as follows:

(1) For a first offense, a period of 90 days from the date of suspension.

(2) For a second offense, a period of one year from the date of suspension.

(3) For a third offense, and any offense thereafter, a period of two years from the date of suspension. Any multiple suspensions imposed shall be served consecutively.

35 P.S. § 780–113(m). In this appeal, we are called upon to review this statute and determine whether it violates substantive due process under both the Federal and Commonwealth Constitutions and results in cruel and unusual punishment.[2] Because the parties have agreed that no distinction exists between the Federal and Commonwealth Constitutions in the application of these principles, we assume for this appeal that no differences lie. *Commonwealth v. Zettlemoyer,* 500 Pa. 16, 454 A.2d 937 (1982), cert. denied, 461 U.S. 970, 103 S.Ct. 2444, 77 L.Ed.2d 1327 (1983); *Commonwealth v. Strunk,* 400 Pa.Super. 25, 582 A.2d 1326 (1990), petition for allocatur denied, 528 Pa. 630, 598 A.2d 283 (1991). CF *Commonwealth v. Edmunds,* 526 Pa. 374, 586 A.2d 887 (1991).

■■■ Operating a motor vehicle upon a Commonwealth highway is not a property right but a "privilege." *Maurer v. Boardman,* 336 Pa. 17, 7 A.2d 466 (1939), aff'd sub nom., *Maurer v. Hamilton,* 309 U.S. 598, 60 S.Ct. 726, 84 L.Ed. 969 (1940). As such, the Commonwealth has the right to control and regulate its use. *Strunk,* supra. However, such regulation must be tempered by adherence to the precepts of due process of law. Failing to do so will result in promulgating a constitutionally defective regulation. Since a driver's license is a privilege and not a fundamental right, legislation affecting it must be evaluated under a "rational basis" analysis. *James v. Southeastern Pennsylvania Transportation Authority,* 505 Pa. 137, 477 A.2d 1302 (1984); *Strunk,* supra.

■■■ In interpreting a statute, we are guided by the Statutory Construction Act, Act of December 6, 1972, P.L. 1339, No.

2. In its brief, the Commonwealth argues that Appellee failed to preserve her procedural due process and double jeopardy arguments for appeal. In her brief, Appellee concedes that she did not raise these issues in her statutory appeal. Therefore, we find these issues waived. *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974).

290, 1 Pa.C.S.A. § 1901, et seq. Section 1922 of the Statutory Construction Act creates a strong presumption that all legislation promulgated by the General Assembly is constitutional. Any party challenging the constitutionality of a statute bears a heavy burden of establishing the lack of a rational relationship between the statute and a legitimate state interest. *Strunk,* supra. This rational basis test mandates a two-step analysis which has been succinctly delineated by Superior Court.

The first step is to consider whether the challenged statute seeks to promote *any* legitimate state interest or public value. *Meier* [*v. Anderson* ], 692 F.Supp. [546] at 552 [ (E.D.Pa.1988) ]; *Mays* [*v. Scranton City Police Dept.* ] 503 F.Supp. 1255 at 1261 [ (M.D.Pa.1980) ] (quoting *Malmed v. Thornburgh,* 621 F.2d 565 (3d Cir.), *cert. denied,* 449 U.S. 955, 101 S.Ct. 361, 66 L.Ed.2d 219 (1980)). The second prong of the analysis mandates an evaluation of whether the statute is reasonably related to accomplishing the articulated state interest or interests. *Meier,* 692 F.Supp. at 552. *See, e.g., Maurer v. Boardman,* 336 Pa. 17, 20–23, 7 A.2d 466, 471 (1939), *aff'd sub nom. Maurer v. Hamilton,* 309 U.S. 598, 60 S.Ct. 726, 84 L.Ed. 969 (1940) (as long as legislature acts neither arbitrarily nor capriciously, it may enact any regulation it believes is necessary to protect life, limb or property on the Commonwealth's roadways).

*Strunk,* 400 Pa.Super. at 31, 582 A.2d at 1328.

In support of the constitutionality of this statute, the Commonwealth argues that the legitimate interest the Legislature was protecting against was the proliferation of drug use. Specifically, the Commonwealth directs this Court's attention to the debate before the House of Representatives on the final reading of the bill and an attempt to amend the bill by making the operating privilege suspension mandatory only for persons under the age of 21 and giving the Common Pleas Court discretion to suspend the operating privileges of persons over the age of 21 years. In soundly rejecting this amendment, many members voiced their strong opposition to the amendment and professed their intent to send a strong message that neither possession nor use of illegal drugs will be tolerated in this Commonwealth.

 As to the second prong of the rational basis test, we need not specifically conclude that the subject statute will be absolutely successful in accomplishing its objective. The legislation must bear a rational relationship to the interest that the legislature seeks to promote. In analyzing any statute under the "rational basis test," we must determine whether the legislation has some relationship to the identified state interest and whether that relationship is objectively reasonable.

In this instance, Appellee argues that the statute lacks the required nexus of identifying the state interest and protecting that interest due to either the success or failure of the criminal sanctions for violation of the Controlled Substance, Drug, Device and Cosmetic Act, resulting in an arbitrary application. To satisfy this prong, however, it is enough that we identify potential benefits to our citizens as a result of the promulgated legislation.

In this particular instance, the maximum penalty for the criminal violation of possession of marijuana is 30 days of imprisonment and/or a $500 fine. It is doubtful that such a penalty would be imposed for a first-time offense. In fact, a first offense may merit nothing more than a small fine. As such, the prospect of losing one's driver's license may deter a potential drug user from committing that first drug offense. At least, that potential user may consider the loss of his/her license and its effect on employment and transportation prior to committing a drug offense. Both prongs of the rational basis test have been met. Given the presumption of constitutionality, we must conclude that the trial court erred in holding Section 13(m) of the Act unconstitutional as a violation of substantive due process.

██ Finally, Appellee argues, as she successfully did before the trial court, that the mandatory suspension of one's driver's license as a civil sanction for a drug conviction constitutes "cruel and unusual punishment" under both the Eighth Amendment to the United States Constitution and Article 1, Section 13 of the Pennsylvania Constitution. The underpinning for her position is that the suspension of her license is a criminal penalty. Because we disagree with her characteriza-

tion of the sanction imposed, we cannot accept her conclusion.[3] (Although Section 13(m) is included in the Crimes Code, that, in and of itself, does not make the penalty imposed a criminal punishment.) Section 13(m) of the Act is merely a civil consequence of a criminal violation. Furthermore, no discretion exists in its application as PennDOT is required to suspend a driver's license upon proper notification of a conviction. For these reasons, we hold that Section 13(m) of the Act does not violate either the Eighth Amendment of the United States Constitution or Article 1, Section 13 of the Pennsylvania Constitution.

The Order of the Court of Common Pleas of Franklin County is reversed and the statutory appeal is denied.

LARSEN, J., did not participate in the decision of this case.

---

**3.** Even if we conclude that Section 13(m) of the Act sets forth a criminal punishment, we would not find it constitutionally improper. We agree with Superior Court's analysis in *Strunk* that a license suspension does not impose a *grossly* disproportionate sanction to the underlying offense and is not arbitrarily imposed for the purpose of inflicting pain and suffering.