638 A.2d 433

**COMMONWEALTH of Pennsylvania, DEPARTMENT of TRANSPORTATION, BUREAU of DRIVER LICENSING**

v.

**Valerie Jane WYLIE, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted Jan. 12, 1994.

Decided Feb. 25, 1994.

220

Witold J. Walczak, for appellant.

Timothy P. Wile, Asst. Counsel In–Charge Appellate Section, for appellee.

Before CRAIG, President Judge, and PELLEGRINI, J., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Valerie Jane Wylie (Wylie) appeals [1] an order of the Court of Common Pleas of Allegheny County (trial court)

---

**1.** We note *sua sponte* a question of our jurisdiction to hear this appeal in light of our holding in *Department of Transportation, Bureau of Driver Licensing v. Ahlborn,* 156 Pa.Commonwealth Ct. 196, 626 A.2d 1265 (1993). In *Ahlborn,* we concluded that the suspension of a driver's license is a direct criminal penalty for conviction for an offense under The Controlled Substance, Drug, Device and Cosmetic Act (Act), Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §§ 780–101—780–144. Therefore, the appropriate forum to hear an appeal from such a criminal penalty was the Superior Court in light of the restrictions applicable to our appellate jurisdiction of criminal matters. *See* 42 Pa.C.S. § 762(a)(2)(ii) and (a)(4). Because no party raised the issue or jurisdiction, we concluded that we had jurisdiction pursuant to Pa. R.A.P. 741(a) (Waiver of Objections to Jurisdiction; General Rule).

We conclude that we have jurisdiction to hear this appeal without reference to Pa.R.A.P. 741(a) in light of the recent Supreme Court

dismissing her appeal of a 90 day suspension of her driver's license by the Department of Transportation (Department) pursuant to Section 13(m) of the Controlled Substance, Drug, Device and Cosmetic Act (Act), 35 P.S. § 780-113(m).[2]

On June 19, 1990, Wylie was arrested and charged with fraudulently obtaining prescription narcotics in violation of Section 13(a)(12) of the Act, 35 P.S. § 780-113(a)(12).[3] Wylie pled guilty on January 29, 1991, and was sentenced to a term of imprisonment of six to 23 months in the Allegheny County Jail. On August 13, 1991, the Clerk of Courts certified Wylie's conviction to the Department, which was received and processed by the Department on August 17, 1991. After

decision in *Plowman v. Department of Transportation, Bureau of Driver Licensing*, 535 Pa. 314, 635 A.2d 124 (1993). There, the Supreme Court rejected the argument that the suspension of a driver's license for violation of the Act was a criminal penalty. It concluded that the suspension of a driver's license for violation of the Act was merely a civil consequence of a criminal violation. Thus, for purposes of the jurisdiction of this court, a license suspension pursuant to the Act is an order initially appealable to a court of common pleas pursuant to 42 Pa.C.S. § 933(a)(1)(ii) (relating to secondary review of certain appeals from Commonwealth agencies).

2. Section 13(m) provides:
   Notwithstanding any other provision in this act, any person, not a registrant, who possesses, sells, delivers, offers for sale, holds for sale or gives away any controlled substance, in addition to any other penalty provided in this or any act, upon conviction for a violation of this act, shall have his or her operating privileges suspended. The clerk of any court of this Commonwealth, within ten days after final judgment of conviction for violations of this act requiring suspension under this section, shall send to the Department of Transportation a record of the conviction on a form provided by the Department of Transportation. When the Department of Transportation suspends the operating privilege of a person under subsection, the duration of the suspension shall be as follows:
   (1) For a first offense, a period of 90 days from the date of suspension.

   \*    \*    \*    \*    \*    \*

3. Section 13(a)12 provides:
   (a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

   \*    \*    \*    \*    \*    \*

   (12) The acquisition or obtaining of possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge.

serving six months of her sentence, Wylie was paroled on August 21, 1991. On September 10, 1991, the Department sent Wylie notice of the suspension of her operating privileges.

■ Wylie appealed to the trial court contending that the nine months between her conviction and suspension constituted undue delay, and that the suspension provisions of Section 13(m) were unconstitutional. Wylie testified that after being paroled, she moved back to her parents' home approximately 20 miles outside of Pittsburgh. According to Wylie, she entered a part-time paralegal training program located in downtown Pittsburgh and regularly attended Narcotics Anonymous meetings approximately 15 miles north of her home, and both activities necessitated the use of a car. Wylie testified that she was currently employed to deliver cars for her father's car dealership. Because Section 13(m) mandates suspension upon conviction under the Act, the trial court upheld the suspension and dismissed Wylie's appeal. This appeal followed.[4]

■ As before the trial court, Wylie again makes both a constitutional as well as a procedural challenge to the suspension of her license. She contends that Section 13(m)'s automatic suspension of a driver's license as a result of a conviction for a drug offense does not bear a real and substantial relation to a legitimate legislative purpose and, thus, violates substantive due process. Not only does Wylie contend that Section 13(m) violates her due process rights, she contends it violates the equal protection clause of the United States Constitution because it has a disproportionate impact on drug offenders receiving less than a one year sentence, who live in a rural area, and to whom a driver's license is necessary for their livelihood. Wylie contends that the nine-month delay between her guilty plea and the imposition of the suspension

4. Our scope of review in suspension proceedings is limited to determining whether the trial court's findings are supported by substantial evidence, whether an error of law was committed, or whether there was a manifest abuse of discretion. *O'Donnell v. Commonwealth*, 148 Pa.Commonwealth Ct. 123, 126 n. 2, 609 A.2d 894, 895 n. 2 (1992).

by the Department was unreasonable, warranting vacation of the suspension.

The due process constitutional challenge raised by Wylie is controlled by our Supreme Court's recent decision in *Plowman v. Department of Transportation, Bureau of Driver Licensing*, 535 Pa. 314, 635 A.2d 124 (1993). In that case, Plowman pled guilty to a violation of Section 13(a)(31) of the Act, and approximately six weeks later, was notified that her operating privileges were suspended for 90 days pursuant to Section 13(m). On direct appeal to the Supreme Court, Plowman contended that Section 13(m) violated the substantive due process and cruel and unusual punishment provisions of both the Federal and Commonwealth Constitutions.

Addressing the due process question, the Supreme Court noted that operation of "a motor vehicle upon a Commonwealth highway is not a property right but a privilege" and determined that the statute in question "must be evaluated under a 'rational basis' analysis." *Id.*, 535 Pa. at 317, 635 A.2d at 126. Applying the two prongs of the rational basis analysis—whether the statute promotes a legitimate state interest and is reasonably related to accomplishing that interest—the Supreme Court held that deterrence of illegal drug use was a legitimate state interest and Section 13(m) was reasonably related to that end.

Moreover, even though an operating privilege suspension may impact a licensee living in a rural area more severely does not render the statute violative of the equal protection clause. In effect, the uniform suspension of driving privileges for everyone convicted of a drug offense is akin to mandatory sentencing that also takes away discretion from the courts to modify the penalty based on individual circumstances. Because mandatory sentences are not unconstitutional because they take away any discretion to modify a sentence as it relates to a particular actor, neither is the imposition of a uniform penalty on licensees convicted of certain drug offenses without regard to the individual circumstances of where they live. *See Commonwealth v. Bell*, 512 Pa. 334, 516 A.2d 1172 (1986).

Regarding whether there was an unreasonable delay in notification by the Department to Wylie that her operating privileges were suspended, Wylie contends that the nine-month delay between her conviction, coupled with her reliance on that delay, warrants vacation of the suspension. When there is a delay between a conviction and notification by the Department to the licensee of a suspension of operating privileges that is caused by the Department, and the licensee has relied on the reasonable belief that there will be no suspension, the suspension may be vacated. *Department of Transportation, Bureau of Traffic Safety v. Lyons*, 70 Pa.Commonwealth Ct. 604, 606, 453 A.2d 730, 731 (1982). While a license suspension can be vacated for undue delay, that only applies to a delay caused by the Department, not by the judicial system. In *Department of Transportation, Bureau of Driver Licensing v. Green*, 119 Pa.Commonwealth Ct. 281, 282, 546 A.2d 767, 768 (1988), a case involving a 14 month judicial system delay, we reiterated the principle that "license suspensions issued by [the Department] cannot be invalidated because of processing delay chargeable to the judicial system and not to [the Department's] administrative function." Here, the delay caused by the Clerk of Courts' failure to timely certify a report of conviction to the Department is not chargeable to the Department. The three to four weeks between the Department's receipt of certification of Wylie's conviction and its notice of suspension to her do not constitute an unreasonable delay.

Accordingly, the order of the Court of Common Pleas of Allegheny County is affirmed.

## ORDER

AND NOW, this 25th day of February, 1994, the order of the Court of Common Pleas of Allegheny County, dated January 8, 1992, No. SA–91–2877, is affirmed.

FRIEDMAN, J., did not participate in the decision of this case.