644 A.2d 262

**Laura HEISTERKAMP,**

v.

**COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION, Bureau of Driver Licensing, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted May 13, 1994.

Decided June 16, 1994.

Reargument Denied Aug. 4, 1994.

Petition for Allowance of Appeal Denied Dec. 7, 1994.

Timothy P. Wile, Asst. Counsel In–Charge Appellate Section, for appellant.

Arthur L. Goldberg, for appellee.

Before PELLEGRINI and FRIEDMAN, JJ., and LORD, Senior Judge.

PELLEGRINI, Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety (DOT) appeals an order of the Court of Common Pleas of Lancaster County sustaining four appeals filed by Laura Vanderbilt Heisterkamp (Heister-

kamp) from 23 notices of suspension of her driving privileges imposed by DOT pursuant to the former Section 13(m) of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act), 35 P.S. § 780–113(m),[1] and restoring her driving privileges. The 23 notices, if sustained, would result in Heisterkamp's driving privileges being suspended for 39 years.

Heisterkamp formerly was an Assistant District Attorney for Dauphin County. At various times between April 1, 1991, and November 22, 1991, while working in that capacity, she took for her own personal use varying amounts of cocaine that was being held in the evidence locker of the Dauphin County

1. Act of April 14, 1972, P.L. 233. That section formerly provided:

> Notwithstanding any other provision in this act, any person, not a registrant, who possesses, sells, delivers, offers for sale, holds for sale or gives away any controlled substance, in addition to any other penalty provided in this or any act, upon conviction for a violation of this act, shall have his or her operating privilege suspended. The clerk of any court of this Commonwealth, within ten days after final judgment of conviction for violations of this act requiring suspension under this section, shall send to the Department of Transportation a record of the conviction on a form provided by the Department of Transportation. When the Department of Transportation suspends the operating privilege of a person under this subsection, the duration of the suspension shall be as follows:
>
> (1) For a first offense, a period of ninety days from the date of suspension.
>
> (2) For a second offense, a period of one year from the date of suspension.
>
> (3) For a third offense, and any offense thereafter, a period of two years from the date of suspension. Any multiple suspensions imposed shall be served consecutively.

Although this section was repealed by the Act of June 28, 1993, P.L. 137, it is still applicable to this case as it was in effect at the time Heisterkamp was convicted. Of note, though, its substance is now found at 75 Pa.C.S. § 1532(c) which provides:

> The department shall suspend the operating privilege of any person upon receiving a certified record of the person's conviction of any offense involving the possession, sale, delivery, offering for sale, holding for sale or giving away of any controlled substance under the laws of the United States, this Commonwealth or any other state.

The only change as to the periods of suspension is for a first offense which now is for a period of six months from the date of the suspension.

District Attorney's office for pending criminal prosecutions. On September 15, 1992, Heisterkamp pled guilty to 21 counts of possession of a controlled substance in violation of Section 13(a)(16) of the Drug Act[2] and to 21 counts of theft by unlawful taking. On October 23, 1992, she was sentenced to 2–5 years in a state prison to run concurrently to all 42 counts and was fined $5,000. As an alternative to the prison sentence, she elected to enter the six-month Federal Boot Camp Program which also offered substance abuse treatment and counseling programs.

Pursuant to Section 13(m) of the Drug Act, the trial court sent to DOT 21 certified reports of Heisterkamp's conviction based upon her 21 violations of Section 13(a)(16) of the Drug Act. In almost all of these reports, the trial court indicated the count for which Heisterkamp had been convicted on October 23, 1993. Upon receiving the first of these reports, DOT notified Heisterkamp by letter dated November 25, 1992, that as a result of her conviction on October 23, 1992, for violating Section 13(a)(16) of the Drug Act on April 1, 1991, her operating privileges were suspended for a period of 90 days pursuant to Section 13(m) of the Drug Act. Heisterkamp did not file an appeal from this suspension and surrendered her license on November 30, 1992.

After receiving several more reports from the trial court on Heisterkamp's conviction, DOT sent Heisterkamp two more letters dated December 16, 1992, notifying her that because of her conviction on October 23, 1992, her operating privileges were suspended for one year effective February 28, 1993, and for two years effective February 28, 1994, also pursuant to Section 13(m) of the Drug Act. Heisterkamp filed an appeal

2. That section provides that it is prohibited to knowingly or intentionally possess a controlled or counterfeit substance by a person not registered under the Act or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

with the trial court from these suspensions and requested a supersedeas. A hearing date was set and the supersedeas was granted effective February 28, 1993.

After receiving the remainder of the conviction reports, DOT again sent Heisterkamp a letter dated January 4, 1993, notifying her that her operating privileges were suspended for two years effective February 28, 1996, for the same reason previously given. Heisterkamp filed an appeal from that suspension as well. Then, on January 20, 1993, DOT sent Heisterkamp 16 separate notices, each one notifying her that her operating privileges were suspended continuously for two years based on her October 23, 1992, conviction for violating Section 13(a)(16) of the Drug Act.

Heisterkamp filed an appeal from these suspensions admitting that she had entered a guilty plea to 21 counts of possession of a controlled substance, but that the date of the offense for all matters was April 1, 1991. She further stated that because DOT alleged the basis of each of the suspensions was a violation of Section 13(a)(16) of the Drug Act as mandated by Section 13(m) of the Drug Act, an injustice had been done to her because the suspensions were without any basis. Finally, DOT sent Heisterkamp a notice dated July 7, 1993, notifying her that her license was suspended for two more years, effectively suspending her license until the year 2031 at which date she would be approximately 70 years old. She also filed an appeal from this suspension.

At a *de novo* hearing on October 12, 1993, DOT offered into evidence all of the conviction reports it had received from the trial court, as well as all of the notices of suspension that it had sent to Heisterkamp. In her defense, Heisterkamp testified that when she entered a plea of guilty at the criminal proceeding, she was never made aware that there would be an additional penalty of suspension of her driving privileges. She further added that while working as a prosecutor in Dauphin County, she prosecuted cases under the Drug Act and was familiar with that act, but had no knowledge that license suspension was a penalty under the Drug Act. Additionally, she stated that prior to pleading guilty, she executed a written

colloquy in which all of the penalties were listed and there was no mention of the loss of her license.

Before the trial court, Heisterkamp argued:

- she was deprived of her due process right to enter an informed plea when she was not informed that by pleading guilty to possession of a controlled substance, she would be subject to a mandatory license suspension; and

- the Drug Act, which calls for a mandatory driver license suspension when the crime has nothing to do with a car, violates her constitutionally protected rights to due process and freedom from cruel and unusual punishment.

Without issuing an opinion, the trial court found in favor of Heisterkamp on each appeal and ordered DOT to restore her license. This appeal by DOT followed.[3]

■ DOT first contends that the trial court erred by restoring Heisterkamp's driving privileges because there is no requirement that she had to be informed at the criminal proceeding or in her guilty plea colloquy that her license would be suspended if she pled guilty. In *Duffey v. Department of Transportation, Bureau of Driver Licensing*, 147 Pa.Commonwealth Ct. 280, 607 A.2d 815 (1992), *petition for allowance of appeal granted*, 533 Pa. 663, 625 A.2d 1195 (1993), we decided there was such a requirement and determined that a license suspension mandated pursuant to the Drug Act was a criminal penalty and required notice of the suspension prior to a plea of guilty before being valid. However, our Supreme Court in *Plowman v. Department of Transportation, Bureau of Driver Licensing*, 535 Pa. 314, 635 A.2d 124 (1993), has recently decided to the contrary.[4]

---

3. Our scope of review is limited to determining whether the trial court's findings are supported by competent evidence of record, whether it committed an error of law, or whether it manifestly abused its discretion in reaching its decision. *Commonwealth v. Danforth*, 530 Pa. 327, 608 A.2d 1044 (1992).

4. Heisterkamp contends that our holdings in *Department of Transportation, Bureau of Driver Licensing v. Ahlborn*, 156 Pa.Commonwealth Ct. 196, 626 A.2d 1265 (1993) and *Department of Transportation, Bureau of Driver Licensing v. Cassidy*, 156 Pa.Commonwealth Ct. 611, 628 A.2d 1179 (1993), also stand for the proposition that a licensee must be given

In *Plowman,* the licensee pled guilty to possession of marijuana and was convicted for violating Section 13(m) of the Act. When her license was suspended for 90 days as a result of her conviction, she filed an appeal, arguing, among other things, that the suspension of her license was a criminal penalty and constituted cruel and unusual punishment under Article 1, Section 13 of the Pennsylvania Constitution. Our Supreme Court determined that even though Section 13(m) of the Drug Act was included in the Crimes Code, that, in and of itself, did not make the penalty imposed a criminal punishment:

> Section 13(m) of the Act is merely a civil consequence of a criminal violation. Furthermore, no discretion exists in its application as PennDOT is required to suspend a driver's license upon proper notification of a conviction. For these reasons, we hold that Section 13(m) of the Act does not violate ... Article 1, Section 13 of the Pennsylvania Constitution. *Id.*

*See also Department of Transportation, Bureau of Driver Licensing v. Wylie,* 162 Pa.Commonwealth Ct. 219, 638 A.2d 433 (1994).

■ Because the mandatory license suspension imposed on Heisterkamp by DOT pursuant to Section 13(m) of the Drug Act is not a criminal penalty but rather a civil penalty following from her conviction, Heisterkamp's argument that she had to be informed of the civil consequences of her criminal conviction fails as a collateral attack on her conviction.

■ DOT also argues that its suspension of Heisterkamp's driving privileges for 39 years was appropriate because:

- the numerous suspensions were based on her conviction for 21 counts for violating Section 13(a)(16) of the Drug Act

notice that the suspension of his license is an additional criminal penalty if convicted under the Drug Act so that he can make an informed guilty plea. However, because *Ahlborn* was recently reversed by our Supreme Court (No. 473 W.D. Allocatur Docket 1993, decided June 8, 1994), and *Cassidy* was decided without the benefit of our Supreme Court's decision in *Plowman,* reliance on these cases is misplaced.

at various times from April 1, 1991 through November 21, 1991; and

● the trial court sent separate certified reports to DOT for each of Heisterkamp's 21 offenses, listing each count as a separate offense. Because Section 13(m) of the Drug Act provides that each "offense" is punishable, it properly treated one of Heisterkamp's counts as a first offense, another as a second offense, and the remaining 19 offenses as the third and subsequent offenses for purposes of imposing suspensions.

Section 13(m) of the Drug Act does specify suspension of a license for 90 days for a first "offense", one year for a second "offense", and two years for a third "offense" and any "offense" thereafter. While the term "offense" is not defined in the Drug Act, and DOT argues that each of Heisterkamp's counts constituted a separate offense, this court in *Department of Transportation, Bureau of Driver Licensing v. Perruso,* 160 Pa.Commonwealth Ct. 49, 634 A.2d 692 (1993), specifically discussed whether individual "offenses" allowed for cumulative and increased penalties.

In *Perruso,* the licensee consented to a search of his car which turned up marijuana and hallucinogenic mushrooms. Perruso, who had no prior convictions under the Drug Act, was convicted for two separate offenses—possession of marijuana and possession of psilocyn. DOT sent him two separate notices suspending his license first for 90 days and then for one year pursuant to Section 13(m) of the Drug Act. The trial court directed DOT to suspend the licensee's operating privileges for 90 days for a first offense only.

On appeal to this court, we determined that because Section 13(m) of the Drug Act provided for more severe penalties for subsequent offenses, it essentially was an enhancement provision. Citing from our Supreme Court's decision in *Frontini v. Department of Transportation,* 527 Pa. 448, 451, 593 A.2d 410, 412 (1991), we stated:

Statutes such as these provide for enhanced penalties for individuals with a propensity to commit repeated offenses of

the same type. Recidivist statutes serve the legitimate public policy of segregating from society those persons with propensities to commit crime, who by their repeated criminal acts demonstrate their unwillingness or inability to be rehabilitated.

Noting that the legislative purpose behind sentencing enhancement statutes was to deter offenders from repeating criminal behavior which led to a prior conviction, we determined that "until an offender has been convicted, the deterrent effect of the enhancement statute is not activated because only after the first conviction is the offender aware that further offending behavior will lead to more severe penalties. Viewing the provisions of section 13(m) in terms of the *Frontini* analysis, a person must have a *prior* 'conviction' in order to be subject to the enhancement provisions." *Perruso,* 160 Pa.Commonwealth Ct. at 54, 634 A.2d at 695. We then affirmed the trial court's decision holding that where one has been convicted of two or more violations of the Drug Act resulting from a single incident with no prior convictions under the Drug Act, the enhancement provisions of section 13(m) do not apply.

Relying on the holding in *Perruso,* we expanded our decision in *Department of Transportation, Bureau of Driver Licensing v. Hardy, Department of Transportation, Bureau of Driver Licensing v. Lancos,* 160 Pa.Commonwealth Ct. 427, 635 A.2d 230 (1993). In *Hardy,* licensee Hardy was arrested on May 23, 1990, and charged with possession of cocaine in violation of Section 13(a)(16) of the Drug Act. Prior to a conviction, on March 12, 1991, he was again arrested and charged with possession of cocaine. Similarly, licensee Lancos was arrested and charged with possession of cocaine on January 16, 1991, and three days later was again arrested and charged with possession of cocaine. Neither Hardy nor Lancos had prior convictions under the Drug Act. Finding that both Hardy and Lancos were only to have a 90 day license suspension imposed for a first offense, we held that even when a licensee violates the Drug Act on different days, if the violations arise from one "episode", i.e., the same actions on different days, and the licensee has no prior convictions under

the Drug Act, multiple convictions arising from a single criminal episode constitute a first offense under Section 13(m) of the Drug Act.

Applying the reasoning and holdings of *Perruso* and *Hardy* to this case, we find that the appropriate penalty for Heisterkamp's conviction, albeit on 21 counts for violations over a seven-month period, was a suspension for 90 days for a first offense. She had no prior convictions under the Drug Act, and her repeated acts of taking cocaine from the evidence locker were the result of one continuous criminal scheme or one criminal "episode." Because Heisterkamp previously surrendered her license on November 30, 1992, and it was held by DOT until February 28, 1993, pursuant to the trial court's grant of a supersedeas effective until that date, her license was suspended for the requisite 90 day period for a first offense.

Accordingly, the decision of the trial court is affirmed.

## ORDER

AND NOW, this 16th day of June, 1994, the order of the Court of Common Pleas of Lancaster County dated October 12, 1993, is affirmed.