647 A.2d 696

**Richard Michael ROWELL**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 3, 1994.

Decided Aug. 31, 1994.

Timothy P. Wile, Asst. Counsel In–Charge Appellate Section, for appellant.

No appearance for appellee.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Montgomery County (trial court) which sustained Richard Michael Rowell's (Rowell) appeal, thus preventing DOT from suspending Rowell's drivers license. We reverse.

On June 22, 1993, Rowell pleaded guilty to violating Section 13(a)(16) of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act), Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. § 780–113(a)(16). Rowell was subsequently notified by DOT that his operating privileges had been suspended for six months pursuant to former Section 13(m) of the Drug Act.[1]

---

1. Section 13(m) of the Drug Act was repealed as of June 28, 1993, P.L. 137, No. 33, § 7, and stated:

> Notwithstanding any other provision in this act, any person, not a registrant, who possesses, sells, delivers, offers for sale, holds for sale or gives away any controlled substance, in addition to any other penalty provided in this or any act, upon conviction for a violation of this act, shall have his or her operating privilege suspended. The

Rowell appealed this suspension to the trial court, alleging that he was not informed of this mandatory suspension prior to his pleading guilty. The trial court, following a hearing, sustained Rowell's appeal and rescinded the suspension of Rowell's operating privileges.

During the hearing, Rowell additionally testified that, if he had known of this mandatory suspension, he would never have pled guilty.[2]

On appeal before this Court,[3] DOT argues that Rowell was not entitled to be informed of the mandatory suspension of his license, because recent case law has identified a license suspension as a collateral civil consequence to a conviction under the Drug Act, and not a direct criminal penalty.[4]

In the past, this Court has held that a license suspension pursuant to Section 13(m) of the Drug Act is a direct criminal penalty for a conviction under the Drug Act and as such

clerk of any court of this Commonwealth, within ten days after final judgment of conviction of violations of this act requiring suspension under this section, shall send to the Department of Transportation a record of the conviction on a form provided by Department of Transportation when the Department of Transportation suspends the operating privilege of a person under this subsection, the duration of the suspension shall be as follows:

(1) For a first offense, a period of six months from the date of suspension.

(2) For a second offense, a period of one year from the date of suspension.

(3) For a third offense, and any offense thereafter, a period of two years from the date of suspension. Any multiple suspensions imposed shall be served consecutively.

Even though this subsection has been repealed, it applies to this case as Rowell was convicted prior to the ineffective date of this subsection. The substance of this repealed subsection, however, can now be found at 75 Pa.C.S. § 1532(c).

2. DOT, in its brief, admits that Rowell was not informed of his mandatory license suspension. (DOT's brief at p. 11.)

3. Our scope of review in a driver's license suspension case is limited to our determination whether the findings of fact of the trial court are supported by competent evidence or whether an error of law or an abuse of discretion was committed by the trial court in reaching its decision. *Commonwealth v. Danforth*, 530 Pa. 327, 608 A.2d 1044 (1992).

4. Rowell was precluded from filing a brief in this case.

requires notice of this suspension prior to a plea of guilty before being valid. *Department of Transportation, Bureau of Driver Licensing v. Cassidy*, 156 Pa.Commonwealth Ct. 611, 628 A.2d 1179 (1993) and *Department of Transportation, Bureau of Driver Licensing v. Ahlborn*, 156 Pa.Commonwealth Ct. 196, 626 A.2d 1265 (1993). However, the Supreme Court of Pennsylvania recently changed this rule of law in *Plowman v. Department of Transportation, Bureau of Driver Licensing*, 535 Pa. 314, 635 A.2d 124 (1993). *Plowman* involved a constitutional challenge to Section 13(m) of the Drug Act. The Supreme Court found Section 13(m) to be constitutionally valid and specifically ruled that a suspension of an individual's operating privileges is "merely a civil consequence of a criminal violation." *Id.* 535 Pa. 321, 635 A.2d at 128.

This Court, in *Heisterkamp v. Department of Transportation, Bureau of Driver Licensing*, 165 Pa.Commonwealth Ct. 128, 644 A.2d 262 (1994), applied the holding in *Plowman* to essentially the same facts as we have here. The licensee in *Heisterkamp* pled guilty to twenty-one violations of the Drug Act, and thus, had her license suspended until the year 2031. The trial court refused to uphold DOT's suspension stating it was criminal penalty. However, we reversed, relying on *Plowman* which changed the status of license suspensions under the Drug Act from a criminal punishment to a civil consequence.

As the current state of the law dictates, license suspensions for Drug Act convictions are collateral civil consequences and not criminal penalties, and as such, the trial court in this case erred as a matter of law in sustaining Rowell's operating license.

As this Court has previously held, a trial court is under no duty to inform an individual before entering a guilty plea of any collateral civil consequences that would result in pleading guilty. *Commonwealth v. Wellington*, 305 Pa.Superior Ct. 24, 451 A.2d 223 (1982). Because the criminal trial court was under no obligation to inform Rowell that a guilty plea would

result in an operating privilege suspension for six months, the trial court erred in sustaining Rowell's appeal.

Accordingly, the decision of the Court of Common Pleas of Montgomery County is reversed and, pursuant to Section 13(m) of the Drug Act, DOT is hereby ordered to reinstate the suspension of Rowell's operating privileges for a period of six months.

## ORDER

AND NOW, this 31st day of August, 1994, the order of the Court of Common Pleas of Montgomery County is hereby reversed and DOT is hereby ordered to reinstate the suspension of Rowell's operating privileges for a period of six months.

KELLEY, Judge, dissenting.

I respectfully dissent. I believe the majority misapplies *Plowman v. Department of Transportation, Bureau of Driver Licensing,* 535 Pa. 314, 635 A.2d 124 (1993). While *Plowman* sustained the constitutionality of the automatic suspension of the driver's license upon the conviction of section 13(a)(31) of The Controlled Substance, Drug, Device and Cosmetic Act, *Plowman* did not rule upon the insufficiency of a plea which automatically triggered the civil suspension when the plea was made in ignorance of the consequences thereof.

I believe that the federal constitutional guaranties require that for every plea to be valid, it must be voluntarily and intelligently made. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). This was further developed in *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), which indicated that a plea must be made with knowledge of "relevant circumstances and likely consequences".

In the case *sub judice,* the question is whether or not a plea is voluntarily and knowingly made when the result is automatic. When the consequence (license suspension) is definite, immediate and automatic, the result is direct. *See U.S. v.*

*Brownlie,* 915 F.2d 527 (9th Cir.1990). A plea may always be attacked as being involuntarily and unknowingly made and for fairness and judicial economy reviewed. *Commonwealth v. Zorn,* 397 Pa.Superior Ct. 231, 580 A.2d 8 (1990).

In this case, the licensee defendant admittedly entered his plea without the knowledge of the immediate, direct and automatic consequences of the suspension of his license.

The majority omits the essential test for the consequence of the plea being collateral or direct. Unquestionably, it is direct. *King v. Dutton,* 17 F.3d 151 (6th Cir.1994) (citing *U.S. v. Campusano,* 947 F.2d 1, 5 (1st Cir.1991), stated that the distinction between a direct and collateral consequence turns on whether the result flowing from the plea is definite, immediate, and automatic. *See also Brownlie,* 915 F.2d at 528 (definite, immediate, and automatic result is direct consequence).

The distinction between collateral and direct consequence was best recognized by Judge Aldisert in *Berry v. United States,* 412 F.2d 189, 192–93 (3rd Cir.1969) when he wrote:

But the circumstances here were not ordinary. The particular status of this defendant as a narcotics recidivist brought into mechanical operation a Congressional directive severely restricting the freedom of action of not only the sentencing judge but the entire apparatus of the Board of Parole....

[A] narcotics offender is faced with the unconditional loss of probation and parole. This loss becomes an inseparable ingredient of the punishment imposed....

When one enters a plea of guilty he should be told what is the worst to expect. At the plea he is entitled to no less—at sentence he should expect no more.

Under such circumstances, the knowledge of ineligibility for parole is as necessary to an understanding of the plea as is the knowledge of the maximum sentence possible. Failure to impart this information constituted a failure to explain to the appellant the consequences of his plea....

Because the license suspension is "civil" does not exclude it from being a direct consequence of the plea.[1]

The Commonwealth admits the suspension is automatic, definite, and immediate and the department has no discretion. Appellant's brief, p. 9. *Commonwealth v. Reagan*, 348 Pa.Superior Ct. 589, 502 A.2d 702 (1985) reads:

> When a defendant pleads guilty rather than proceeds to trial, however, the defendant must be advised of the recidivist statute prior to entering his guilty plea. There is no dispute that a plea entered without knowledge of not only the maximum penalty which could be imposed, but also the minimum penalty which must be imposed, would not be a valid plea.

Accordingly, I would affirm.

---

1. *Commonwealth v. Duffey,* 536 Pa. 436, 639 A.2d 1174 (1994) did not utilize the test for collateral versus direct consequences, which I believe is a constitutional requirement for due process.