[J-83-2016] [MO:Todd, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| LAWRENCE S. SHOUL, | : | No. 64 MAP 2015 |
| | : | |
| Appellee | : | Appeal from the Order of the Adams |
| | : | County Court of Common Pleas, Civil |
| | : | Division, at No. 2014-S-721 dated |
| v. | : | February 24, 2015, exited February 26, |
| | : | 2015. |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | ARGUED:  December 6, 2016 |
| DEPARTMENT OF TRANSPORTATION, | : | |
| BUREAU OF DRIVER LICENSING, | : | |
| | : | |
| Appellant | : | |

## CONCURRING AND DISSENTING OPINION

**JUSTICE DOUGHERTY**                                     **DECIDED:  November 22, 2017**

I agree with the learned majority's application of the rational basis test as articulated by this Court in *Gambone v. Commonwealth*, 101 A.2d 634 (Pa. 1954), and *Nixon v. Commonwealth*, 839 A.2d 277 (Pa. 2003), and with its determination that, as a matter of Pennsylvania constitutional jurisprudence, lifetime disqualification from holding a commercial driver's license ("CDL") as set forth in 75 Pa.C.S. §1611(e)(1) is not rationally related to promoting highway safety.  I respectfully disagree, however, with the majority's determination lifetime disqualification ultimately conforms to Pennsylvania due process requirements because it is rationally related to deterring drug activity.  I respectfully distance myself from the majority's reliance on *Plowman v. Dept. of Tran., Bureau of Driver Licensing*, 635 A.2d 124 (Pa. 1993), to support its holding in this regard, and I distance myself from the view expressed in Justice Wecht's thoughtful concurring opinion — that the rational basis test in Pennsylvania grants deference to the

legislature greater than that articulated by this Court in *Gambone*, *supra*, and *Nixon*, *supra*. Like the well-reasoned majority, I would defer that question to a future case in which the issue is precisely presented and addressed by the parties and the lower courts. Finally, I fully agree with the majority's determination lifetime disqualification under the statute is punishment, and with the decision to remand to the trial court the question of whether such irrevocable punishment in this case is grossly disproportionate to the offense, in light of this Court's recent decision in *Commonwealth v. 1997 Chevrolet & Contents Seized from Young*, 160 A.3d 153 (Pa. 2017).

In my view, Pennsylvania jurisprudence currently requires a deeper due process analysis than merely considering whether there is any theoretical plausibility a statute is related to any legitimate state interest when that statute infringes on a person's right to work in his or her chosen profession. I believe the majority properly sets forth the appropriate test: "[U]nder our state charter, we must assess whether the challenged law has a 'real and substantial relation' to the public interest it seeks to advance, and is neither patently oppressive nor unnecessary to those ends." Majority Slip Op. at 11. As I see it, the lifetime disqualification aspect of Section 1611(e)(1) is patently oppressive and unnecessary to the deterrence ends the learned majority identifies as a legitimate governmental interest.

In *Plowman*, this Court considered the constitutionality of Section 13(m) of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. §780-113(m) (repealed), by which the possession of a small amount of marijuana in the home resulted in a driver's license suspension of anywhere from 90 days to two years depending on whether the offense committed was a first, second or third offense. The Court noted that operating a motor vehicle on Pennsylvania roadways is not a property right but a privilege, and thus the Commonwealth may regulate and control the activity; such

regulations, however, must be tempered by adherence to the precepts of due process of law under a rational basis analysis. *Plowman*, 635 A.2d at 126. "The rational basis test mandates a two-step analysis[.]" *Id.* The Court must determine whether the statute 1) seeks to promote any legitimate state interest, and 2) is reasonably related to accomplishing that interest. *Id.* at 127. In other words, the analysis evaluates whether the legislation bears a rational relationship to any legitimate interest the legislature seeks to promote.

In discussing whether the license suspension sanction comported with the first prong of the due process analysis, this Court determined the legislature sought to protect the public interest against the proliferation of drug use, and supported its determination by reference to debate before the House of Representatives on the final reading of the bill, during which many members "professed their intent to send a strong message that neither possession nor use of illegal drugs will be tolerated in this Commonwealth." *Id.* The Court addressed the second prong of the test, *i.e.* whether suspension of driving privileges for possessing marijuana in the home was related to the interest the state sought to promote, as follows:

> In this particular instance, the maximum penalty for the criminal violation of possession of marijuana is 30 days of imprisonment and/or a $500 fine. It is doubtful that such a penalty would be imposed for a first-time offense. In fact, a first offense may merit nothing more than a small fine. As such, the prospect of losing one's driver's license may deter a potential drug user from committing that first drug offense. At least, that potential user may consider the loss of his/her license and its effect on employment and transportation prior to committing a drug offense. Both prongs of the rational basis test have been met.

*Plowman*, 635 A.2d at 127.

As the majority recognizes, *Plowman* was decided before *Nixon* dispelled the notion federal and Pennsylvania guarantees of due process are coterminous. *See* Majority Slip Op. at 17 n.9. Under the relaxed standard of *Plowman*, this Court

determined the statute was rationally related to the legitimate state purpose of deterring drug activity because the maximum penalty for possessing marijuana was 30 days' imprisonment and/or a $500 fine, noting even that maximum penalty was unlikely to be imposed for a first offense. Thus, this Court concluded the statute's license suspension sanctions might provide a deterrent value which satisfied the second due process rational basis analysis prong.

Clearly, the penalties for the two counts of possession with intent to deliver a controlled substance (PWID) of which appellee was convicted by guilty plea carry much greater potential sentences of incarceration and fines than the maximum penalties at issue in *Plowman*.[1] In my view, the deterrent value of adding an irrevocable lifetime CDL disqualification for anyone holding a CDL who uses a motor vehicle to commit PWID is unnecessary to the end of deterring drug activity, even under the relaxed due process analysis employed by the *Plowman* Court. Accordingly, I dissent from the majority's holding and rationale with respect to its determination of this issue. I join Sections I and II(B) of the Majority Opinion.

Justice Baer joins this concurring and dissenting opinion.

---

[1] Appellee was convicted of PWID (marijuana) which carries a maximum sentence of five years and/or a $15,000 fine for a first offense. 35 P.S. §780-113(f)(2).