CONCURRING AND DISSENTING OPINION JUSTICE MUNDY I agree with the Majority to the extent it concludes that 75 Pa.C.S. § 1611(e) does not violate Appellee’s substantive due process rights under the Pennsylvania Constitution. As the Majority explains, Section 1611(e) has a “real and substantial relation” to the deterrence of drug trafficking. See Majority Op. at 681-82. I therefore join parts I and 11(A) of the Majority Opinion. However, I cannot agree that Section 1611(e)’s revocation of driving privileges imposes punishment within the meaning of the Eighth Amendment. Therefore, I respectfully dissent from the Majority’s decision to vacate and remand in part. The Eighth Amendment states that “[ejxcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.” U.S. Const, amend. VIII. I begin by noting that this Court has already concluded that suspension or revocation of one’s driver’s license is not a criminal sanction. Indeed, in Plowman v. Commonwealth Department of Transportation, 535 Pa. 314, 635 A.2d 124 (1993), this Court concluded that mandatory suspension of a driver’s license because of a drug conviction is not criminal punishment for the purposes of the Eighth Amendment. Plowman, 635 A.2d at 127-28. The Majority does not attempt to reconcile its decision with Plowman.[1] Putting aside this Court’s analysis in Plowman, the Majority’s conclusion is still problematic. Some traditional examples of punishment include imprisonment, a criminal fine, criminal forfeiture, and civil in rem forfeiture, which all impose significant restrictions on the class of persons against whom they are imposed. Imprisonment, parole, and probation fundamentally restrict a person’s liberty and movement. Further, everyone generally has a right to own property and not to have the government restrict his or her personal liberty. In Austin v. United States, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), upon which the Majority heavily relies, the Court characterized the concept of a fine as the government “extracting payments” from its citizens, and therefore deemed it punishment. Austin, 509 U.S. at 610, 113 S.Ct. 2801. However, it is quite another matter for a state to grant a privilege to a person and revoke the same. See Plowman, 635 A.2d at 126 (stating, “[Operating a motor vehicle upon a Commonwealth highway is not a property right but a privilege.”) (internal quotation marks and citation omitted). Therefore, the relevant inquiry is whether the revocation of a privilege otherwise granted by the government is itself punishment within the meaning of the Eighth Amendment, even if the revocation has some deterrent purpose. The Majority concludes that Austin provides the appropriate framework for determining whether Section 1611(e) constitutes punishment' within the meaning of the Eighth Amendment.[2] In Austin, the Supreme Court considered whether the federal civil in rem forfeiture scheme constituted a punishment for the purposes of the Excessive Fines Clause. The Court concluded it did, noting that “[t]he Excessive Fines Clause limits the government’s power to extract payments, whether in cash or in kind, as punishment for some offense.” Austin, 509 U.S. at 610, 113 S.Ct. 2801 (internal quotation marks and citation omitted; emphasis in original). After discussing the history of forfeiture, the Court concluded that certain hallmarks of the federal forfeiture scheme revealed that Congress intended to utilize civil in rem forfeiture to punish. Id. at 619, 113 S.Ct. 2801. The Supreme Court noted that “a civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment, as we have come to understand the term.” Id. (quoting United States v. Halper, 490 U.S. 435, 448, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989)). This broadly-worded pronouncement in Austin comes from Halper. Halper was convicted of 65 counts of Medicare fraud. Halper, 490 U.S. at 437, 109 S.Ct. 1892. After the criminal proceedings concluded, the government brought a separate civil action seeking a $130,000.00 civil penalty against Halper under the False Claims Act, which mandated a $2,000.00 penalty per violation. Id. at 448, 109 S.Ct. 1892. Ultimately, the Court concluded that the imposition of this civil penalty could be a second and subsequent “punishment,” in violation of the Double Jeopardy Clause. Id. at 449, 109 S.Ct. 1892. The Court stated the rule as “[w]here a defendant previously has sustained a criminal penalty and the civil penalty sought in the subsequent proceeding bears no rational relation to the goal of compensating the Government for its loss, but rather appears to qualify as ‘punishment’ in the plain meaning of the word, then the defendant is entitled to an accounting of the Government’s damages and costs to determine if the penalty sought in fact constitutes, a second punishment,” Id. The Court’s analysis in Halper as to whether the civil penalty was “punishment” appeared to take contradictory positions insofar as the Court articulated two tests. The first was the test that appears in Austin, “a civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment, as we have come to understand the term.” Id. at 448, 109 S.Ct. 1892 (emphases added). However, the second test from Halper states that, “a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only.- as a deterrent or retribution.” Id. at 448-49, 109 S.Ct. 1892 (emphasis added). The Supreme Court of Minnesota highlighted the contradiction in the following terms. The two “tests” quoted above are strikingly dissimilar. The first is a “solely remedial” test. Applied literally, it would appear to invalidate on double jeopardy grounds any remedial civil sanction also “serving either retributive or deterrent purposes,” no matter how minor. The second is a “solely deterrent/retributive’.’ test. Applied literally, it would appear to uphold on double jeopardy grounds any civil sanction which “may fairly be characterized as remedial.” State v. Hanson, 543 N.W.2d 84, 87 (Minn. 1996). The Supreme Court abrogated Halper in Hudson v. United States, 522 U.S. 93, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997). The Court confronted its problematic language in Halper, noting that the “solely remedial” test, which is- found in Austin, had proved to be unworkable because “all civil penalties have some deterrent effect.” Hudson, 522 U.S. at 102, 118 S.Ct. 488. Echoing the Minnesota Supreme Court’s concerns, the-Court observed- “[i]f a sanction must be ‘solely’ remedial (ie., entirely nondeterrent) to avoid implicating the Double Jeopardy Clause, then no civil penalties are beyond the scope of the Clause.” Id. Therefore, it appears that the Court has retreated from its “solely remedial” test in determining. whether a sanction constitutes punishment. Critically, Hudson did not discuss or retreat from Halper* s “solely deterrent” test.[3] In addition, by taking Halper*s “solely remedial”. test literally, as the Majority does, it is difficult to envision a civil consequence that does not serve as deterrence in some regard, and hence is not punishment. As Hudson recognized, every civil consequence imposed by the government is intended to have at least some deterrent purpose. Id. Indeed, the objective of government-imposed penalties is to advance the betterment of society as a whole and shape citizens’ behavior in a way that promotes good citizenship and deters crime. Consequently, applying Austin’s solely remedial test as the Majority does, anything may be deemed punishment -if it deters some behavior. In my view, the test we should apply is Halper*s actual holding, i.e., the “solely deterrent” test' that remains viable after Hudson.[4] Section 1611(e)’s consequence, while having deterrent effects, is not solely deterrent. Section 1611(e) protects the public from those who' violate the conditions of having a commercial driver’s license and promotes the general welfare by removing a participant in the drug trade from the Commonwealth’s roads and highways. In my view, this is sufficient, to show that Section 1611(e)’s consequence is not “solely deterrent” so as to constitute punishment, especially in light of the fact that it is the revocation of a privilege, not a fundamental or constitutional right.[5] .Based on the.foregoing, I conclude the trial court erred when it held that Appel-lee’s substantive due process rights and right to be free from cruel and unusual punishment were violated. Accordingly, I would reverse the trial court’s order in its entirety. I respectfully dissent. . This Court also expressed the view that, even if it deemed a license suspension predicated on a criminal conviction to be punishment, it would not find it unconstitutional because it was "not arbitrarily imposed for the purpose of inflicting pain and suffering.” Plowman, 635 A.2d at 127 n.3. . Plowman was decided on December 14, 1993, approximately five and one-half months after Austin was decided on June 28, 1993. . The Majority concludes that Hudson is of no consequence in this case because Halper and Hudson are Double jeopardy Clause cases, whereas Austin is an Eighth Amendment case. Majority Op. at 684-85 n,14. However, - the Majority appears to acknowledge that the test applied in. Austin derived from Halper’s Double Jeopardy Clause test that the Court has since backed away from in Hudson. I recognize that it is not clear whether the Court has abrogated Halper’s test for all constitutional provisions given that civil in rem forfeiture is materially different from.revocation of a privilege. Nevertheless, I conclude the test is not applicable. The Majority cites United States v. Ursery, 518 U.S. 267, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996), in which the Court held that civil in rem forfeiture was not punishment for purposes of the Double Jeopardy Clause. However, in its analysis, the Ursery Court explicitly noted that "[t]he holding of Austin' was limited to the Excessive Fines Clause of the Eighth Amendment[.]” Ursery, 518 U.S. at 287, 116 S.Ct. 2135 (emphasis added), As noted above, Austin characterized a fine as an "extraction” or "payment” to the sovereign as punishment for an offense. Austin, 509 U.S. at 609-10, 622, 113 S.Ct. 2801. In forfeiture proceedings, such as in Austin, the government obviously intends to "extract” property of some sort from a citizen. Therefore,' Austin applied Halper's "solely remedial” test to determine whether that payment to the government was punitive and hence a "fine” for the purposes of the Excessive Fines Clause. Austin's use of the "solely remedial” test is therefore understandable, since "á fine that serves purely remedial purposes cannot be considered ‘excessive’,in any event,” Id. at 622, 113 S.Ct. 2801 n.14. However, the revocation of a privilege is not a' "payment” of property to the government. In this case, the Majority expands the scope of the "solely remedial” test beyond the Excessive Fines clause. Under the Majority's view, Halper's. "solely remedial” test would apply to any negative consequence imposed by law, including revocation of a privilege. Therefore, even though the Supreme Court has not yet reconciled Halper, Austin, and Hudson, I cannot agree with the Majority’s expansion of Austin beyond its legal foundation. . This is consistent with Halper's statement that its holding was intended to be "a rule for the rare case[,]” Halper, 490 U.S. at 449, 109 S.Ct. 1892. . My conclusion is consistent with the conclusion reached by many other states on this issue. See, e.g., State v. Hickam, 235 Conn. 614, 668 A.2d 1321, 1328 (1995), overruled on other grounds, State v. Crawford, 257 Conn. 769, 778 A.2d 947 (2001); State v. Savard, 659 A.2d 1265, 1267-68 (Me. 1995); Hanson, 543 N.W.2d at 88-89; State v. Mayo, 915 S.W.2d 758, 761-63 (Mo. 1996).